## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **THE ILLUSIONS OF THE SOUTH,** | : | |
| **INC. and ROBERT MASON,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 7:07-cv-6 (HL) |
| | : | |
| **CITY OF VALDOSTA,** | : | |
| **STEVE FINLEY,** | : | |
| **LESLIE MANNIHAN,** | : | |
| **FRANK SIMONS,** | : | |
| **TERRY GRIFFIN, and** | : | |
| **TONY BRANHAM,** | : | |
| | : | |
| Defendants. | : | |

_____

## <u>ORDER</u>

This matter is before the Court on the cross-motions for summary judgment of Plaintiffs, The Illusions of the South, Inc. and Robert Mason, and two Defendants, Terry Griffin and Tony Branham.   In their Motion for Summary Judgment (Doc.32), Defendants Griffin and Branham contend they are entitled to judgment as a matter of law as to all claims against them.  Plaintiffs have countered with their own Motion for Partial Summary Judgment (Doc. 33), in which they contend they are entitled to judgment against Griffin and Branham as a matter of law.   After review of the pleadings, the discovery and disclosure materials on file, and the affidavits, the Court denies the Motion of Plaintiffs and grants, in part, and denies, in part, the Motion of Defendants.

**I.      Allegations of the Complaint, as Amended**

Plaintiffs filed their initial complaint in this Court on January 17, 2007.  At that time, they named Terry Griffin as a Defendant, but not Tony Branham.  They also named as Defendants, the City of Valdosta, Steve Finley, Leslie Mannihan, and Frank Simons. Plaintiffs alleged that Defendants, collectively, began a campaign to drive Illusions of the South, a Valdosta nightclub, out of business.  They maintained that beginning as early as 2003, Defendants, again collectively, used various legal and procedural tools to shut the nightclub down, including making allegations of fire code violations and liquor law violations.

As to Griffin, specifically, the allegations were that he and another Defendant, Brandon Baety, entered the nightclub on two separate occasions in January of 2005, without any legal basis for conducting an investigation.  During one of these incidents, Baety allegedly assaulted an Illusions employee, and on the other occasion, Baety and Griffin allegedly illegally stopped and searched customers as they were leaving the club.  Plaintiffs allege that Griffin and Baety's conduct was in violation of their Fourth and Fourteenth Amendment rights.  Plaintiffs allege that as a result of the actions of all of the Defendants, they were forced to shut down in January of 2005.

On January 22, 2007, Plaintiffs amended their complaint. Although Brandon Baety's name remained in the caption of the complaint, the allegations originally attributed to Baety were attributed instead to Defendant Tony Branham.  Plaintiffs filed a second amended complaint on January 25, 2007.  In the second amended complaint, they replaced Brandon Baety with Tony Branham in the caption of the complaint.  All

2

other allegations presented in the January 22, 2007, amended complaint remained the same. Plaintiffs claims are brought pursuant to 42 U.S.C. § 1983 and for violations of state law.

## II.   Analysis

The allegations of the second amended complaint imply that the primary damage sustained by Plaintiffs–the closing down of the nightclub–resulted not from one single incident, but from the combined actions of the Defendants between 2003 and 2005. Plaintiffs thus contend, in other pleadings filed with the Court related to other Defendants, that the statute of limitations began to run in early 2005, when Illusions was forced to shut down.  Plaintiffs argue that it was the visit by the Lowndes County Sheriff's Deputies on January 22, 2005, that led to the decision to close.  However, Plaintiffs do not explicitly allege a cause of action for conspiracy, nor do they offer evidence which persuades the Court that the Lowndes County Defendants should be held liable for the actions of the other Defendants that preceded their visit.

Both Defendants allege that any claims against them for events occurring on January 13, 2005, are barred as outside the limitations period.  In moving for summary judgment, insofar as the motion is premised on the statute of limitations theory, Defendants Griffin and Branham treat the two incidents as to which they were alleged to have participated as discrete acts, for which the statute of limitations began to run on the date of the acts, rather than from the date of the closing of the nightclub. Plaintiffs do not offer any serious opposition to this theory.  To the contrary, Plaintiffs offer certain concessions that work against any argument the City and the County

3

united against them.  Plaintiff Mason concedes that the no one from the City was present during the events on January 13 or January 22, 2005.  Additionally, except for these two dates, Mason concedes that no Lowndes County Sheriff's Deputies, including Griffin and Branham, came on the premises of Illusions.

Defendant Branham further contends that the evidence shows only that he was at the nightclub on January 13, 2005, and, therefore, any allegations as to events occurring on January 22, 2005, would not apply to him.  Defendant Griffin, however, concedes that he was at the nightclub on January 22, 2005, and, therefore, his argument in support of summary judgment for events occurring on that date goes to the merits, rather than to any statute of limitations defense.

### A.    Events of January 13, 2005

The Court agrees with Defendants that the events of January 13 and January 22, 2005, should be treated as discrete events, as there is no evidence that would support a claim that these Defendants conspired with the other Defendants to shut down the club, or that the two events should be treated as one continuing tort that culminated in the nightclub's closing.  Thus, the last day for filing 42 U.S.C. § 1983 claims arising from each of these events would be January 13, 2007, and January 22, 2007, respectively.  Thus, a complaint filed on January 17, 2007, would not be timely as to the claims occurring on January 13, 2005, and such clams are barred by the statute of limitations.  Accordingly, as to Plaintiffs' claims against Branham and Griffin for events occurring on January 13, 2005, these Defendants are entitled to judgment as a matter of law.

4

**B.    Events of January 22, 2005**

    **1.    Branham's Presence at the Club**

All parties agreed that Griffin was at the club on January 22, 2005, so as to him, the motion for summary judgment goes only to the merits of the claim. Branham, on the other hand, contends he is entitled to judgment as a matter of law because he was not present at Illusions on January 22, 2005. However, because there is some evidence to the contrary, summary judgment is denied to Branham as to this issue.

Mason testified that Branham was at the club on January 22, 2005. Mason testified that it was his belief that Branham was at the front door when the police returned to the club on the 22nd. According to Mason, while Branham stood at the front door, Griffin came inside the building on January 22, 2005. Griffin, who acknowledged being at the club on January 22, 2005, does not believe that Branham was at the business that day but he was not sure. Branham only recalls having gone to Illusions one time, which he acknowledges was January 13, 2005.

The evidence as to Branham's presence at Illusions on January 22, 2005, is weak. Branham says that he only remembers being there on one occasion, that being January 13, 2005, while Mason claims to have seen Branham there on January 22, 2005. An employee of Illusions, Tad Barnes, also claims to have seen Branham at Illusions on January 22, 2005. In order for this Court to resolve the dispute as to whether Branham was present or not, the Court would be obliged to make credibility determinations. Because courts are not permitted to make credibility determinations

5

at the summary judgment stage, the question of whether Branham was present on the 22nd is for a jury to decide.  Therefore, insofar as Defendant Branham seeks summary judgment on the basis of his claim that he was not present at Illusions on January 22, 2005, the motion is denied.  The Court will thus address the merits of Plaintiffs' claims against both Defendants for the events of January 22, 2005.

### 2.     Section 1983 Violations

With respect to the merits of Plaintiffs' claims stemming from Griffin and Branham's roles in the events of January 22, 2005, both Plaintiffs and Defendants maintain they are entitled to judgment as a matter of law.

### a.     Factual Allegations

As to the events of January 22, 2005, the evidence of the parties presents dramatically different views of what occurred.  According to Griffin, he and other members of the drug squad went to Illusions for the purpose of obtaining information about possible drug activity at the club. Griffin arrived at the club in an SUV, maybe with some of the other members of the drug squad.  Griffin concedes they went without a warrant, without probable cause, and in the absence of exigent circumstances.  Griffin maintains, however, that he had reason to believe, based on having noticed the smell of marijuana there on other occasions, that marijuana was being smoked and sold at the club.  His purpose for being in the club on the 22nd was purely investigative.

While Griffin and the other officers were at the club, the music was turned off, but Griffin does not know whether Mason turned it off on his own or was told to turn it off.

The same is true with the house lights.  Griffin was not aware of any of the patrons being handcuffed while they were in the building, nor does he know of any persons being searched.  Griffin denies that they "emptied the club," and says that there were still a lot of people there when he left.  Griffin had a weapon on him that was visible but he did not take it out. He was not aware of any officer taking out his weapon.

Plaintiffs, on the other hand, paint a much more dramatic picture of the events of January 22, 2005.  In his deposition, Mason claims that the officers came in for the purpose of stopping the operations.  While there, they handcuffed four people, who were later released.  Mason also observed officers frisking and searching people. Mason contends that Griffin was present while these events occurred.   Mason estimates that the entire occurrence lasted about 15 minutes.  In an affidavit, Mason claims he was ordered to turn off the music and turn on the house lights.  He describes the behavior of the officers as "forceful."   An employee at Illusions, Tad Barnes, provided an affidavit in which he claimed there were numerous officers, who "pulled up almost on the sidewalk" and "came in quickly like some sort of emergency."  It was Barnes who placed Branham at the scene on the 22nd and, according to Barnes, Branham kept his hand on his gun "in a threatening manner."

### b.    Conclusions of Law

Plaintiffs contend the conduct of Branham and Griffin violated their right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendment and Article I, Section I, Paragraph XIII of the Georgia Constitution.  The Fourth Amendment guarantees the right of people "to be secure in

their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The constitutional restrictions imposed on law enforcement officers by the Fourth Amendment also protect commercial property. Swint v. City of Wadley, Ala., 51 F.3d 988, 996 (11th Cir. 1995). The Fourteenth Amendment extends the Fourth Amendment constitutional guarantee to searches and seizures by state officers. *See, e.g.,* New Jersey v. T.L.O., 469 U.S. 325, 336-37, 105 S. Ct. 733, 740 (1985).

While the foregoing authorities clearly serve to protect private businesses from intrusive and unreasonable searches and seizures, not supported by a warrant, these authorities do not, as Plaintiffs suggest, prohibit law enforcement authorities from entering a commercial establishment. As some authorities have noted, a lesser expectation of privacy attaches to commercial properties that are open to the public, so that as a general rule, law enforcement officials may enter commercial premises when they are open to the public. *See, e.g.,* United States v. Bute, 43 F.3d 531, 537 (10th Cir. 1994). However, although Defendants might have had a right to enter Illusions on the night of January 22, 2005, it did not necessarily follow that their right to be in the club authorized them to disrupt the activities going on at the club, or to demand that the patrons submit to searches. Only when exigent circumstances coexist with probable cause are warrantless searches and seizures permitted, even in the commercial property context. Swint, 51 F.3d at 996.

Here, however, while it appears that all parties agree that Griffin, other law enforcement officers, and possibly Branham, entered Illusions on the night of

8

January 22, 2005, the evidence is in dispute as to what precisely occurred there.  If, as Griffin's testimony suggests, officers did no more than a peaceful walk-through of the premises, then no Fourth Amendment violation occurred.  However, if the officers took over the premises, by controlling the lights, the music, and the patrons, without exigent circumstances or probable cause, then such conduct would have been in violation of the Fourth Amendment.  Moreover, such conduct would be in violation of clearly established law, so that the defense of qualified immunity would be not be available. *See* Swint, 51 F.3d at 996.  Because these facts disputes exist, however, there can be no judgment as a matter of law.

### III.   Conclusion

Plaintiffs contend that the evidence of the officers' conduct demonstrates a violation of their Fourth Amendment rights, so as to entitle them to summary judgment as a matter of law.  However, the evidence is in dispute as to what actually occurred at Illusions on January 22, 2005.  Thus, Plaintiffs are not entitled to a grant of their motion for summary judgment.  Similarly, because the evidence is in dispute as to what the officers did while on the premises at Illusions on January 22, 2005, Defendants motion for summary judgment as to the claims arising from the events of that date must also be denied.  Because federal claims remain for determination, the Court need not address the Defendants' arguments addressed to whether the Court should retain Plaintiffs' state law claims.

Consistent with the foregoing, Plaintiffs' Motion for Partial Summary Judgment (Doc. 33) is denied.  Defendants' Motion for Summary Judgment (Doc. 32) is granted,

9

in part, and denied, in part.  Defendants are entitled to judgment as a matter of law as to the claims brought against them arising from the events of January 13, 2005, as those claims are barred by the statute of limitations.  Defendants' Motion is denied as to all other issues.

SO ORDERED, this the 30th day of March, 2009.

s/  Hugh Lawson
HUGH LAWSON, SENIOR JUDGE

mls