IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| THE ILLUSIONS OF THE SOUTH, INC. and ROBERT MASON, | : : : |
| Plaintiffs, | : : |
| v. | : Civil Action No. 7:07-cv-6 (HL) |
| CITY OF VALDOSTA, STEVE FINLEY,[1] LESLIE MANNIHAN, FRANK SIMONS, TERRY GRIFFIN, and TONY BRANHAM, | : : : : : : : |
| Defendants. | : |

## ORDER

Plaintiffs' Motion to Add Party and Motion to Dismiss Defendant Steve Finley (Doc. 31) is before the Court. In their Motion, Plaintiffs seek to add Jerome Findley, a city fire department employee, as a Defendant and to dismiss Steve Finley, a city police officer, who was mistakenly named as a Defendant in place of Findley. The Court has reviewed the briefs of the parties and finds the arguments offered by Defendants in opposition to Plaintiffs' Motion to Add Party to be persuasive.

Defendants argue that Plaintiffs had constructive notice that Steve Finley was not

---

[1] In the caption, Defendant is designated as Steve Finley, however, Defendants assert that his proper name is Findlay. Nevertheless, to minimize confusion, the Court will continue to refer to him as Defendant Steve Finley.

a proper Defendant when they sought to serve him through the police department, rather than the fire department. Defendants argue that Plaintiffs received actual notice that Steve Finley was not a proper Defendant when he told them shortly after he was served on January 18, 2007, that he was the wrong person. (Findlay Aff. ¶ 8.) On February 7, 2007, Plaintiffs were again put on notice that Steve Finley was the wrong person when Finley answered the complaint and, as a defense, denied all allegations of the complaint and asserted that he took no action in the alleged constitutional violations. (Answer at 4.)

Rather than immediately undertaking in January or February of 2007 to determine whether Finley was the wrong Defendant, Plaintiffs waited until October 2, 2007, and noticed Finley for a deposition. When Finley appeared for the deposition on November 8, 2007, Plaintiffs apparently chose not to depose Finley, having been informed that he had nothing to do with the allegations in the complaint. Instead of taking immediate steps at that time to identify and add the proper Defendant, Plaintiffs waited until March 31, 2008, 45 days after discovery had closed, to move to add Jerome Findley as a party.

Plaintiffs have moved to add Jerome Findley pursuant to Rule 21 of the Federal Rules of Civil Procedure. Rule 21, which is titled "Misjoinder and Nonjoinder of Parties," provides as follows: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Like Rule 15, pursuant to which Plaintiffs could have moved to add Findley, a district court's

decision whether to grant leave to add a party under Rule 21 "is guided by the related considerations of timeliness and prejudice to the opposing party." Health Research Group v. Kennedy, 82 F.R.D. 21, 29 (D.D.C. 1979).

Plaintiffs could have taken steps perhaps as early as January of 2007 to correct the problem of the misidentified Defendant. Certainly they knew as early as November of 2007, when they had the opportunity to depose Steve Finley, that they had the wrong Defendant. Nevertheless, Plaintiffs waited until March 31, 2008, well after the close of discovery, to move to add the correct Defendant. In the Court's view, Plaintiffs' Motion is untimely, having been made after the close of discovery. Adding Findley now would prejudice Defendants by requiring them to pursue additional discovery well after the discovery period has closed and well after the events giving rise to this lawsuit occurred. Plaintiffs have offered nothing to suggest that they were deceived in any way as to the identity of the proper Defendant, or that some conduct of Defendants caused them to be delayed.

In sum, Plaintiffs, who carry the burden as the moving party on the Motion, have failed to persuade the Court that their failure to move sooner to add Findley should be excused. Accordingly, Plaintiffs' Motion is denied insofar as it seeks to add Jerome Findley as a Defendant. As all parties agree that Steve Finley is not a proper party, the Motion is granted insofar as it seeks to dismiss him as a party, and he is hereby dismissed.

**SO ORDERED**, this the 30th day of March, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mls