# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| THE ILLUSIONS OF THE SOUTH, INC. and ROBERT MASON, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 7:07-cv-6 (HL) |
| CITY OF VALDOSTA, STEVE FINLEY, LESLIE MANNIHAN, FRANK SIMONS, TERRY GRIFFIN, and TONY BRANHAM, | : : : : : : : | |
| Defendants. | : | |

## ORDER

The Joint Motion for Summary Judgment of Defendants City of Valdosta, Georgia, Steve Findlay, Leslie Manahan, and Frank Simons (Doc. 34) is before the Court. The Motion is hereby dismissed without prejudice for the reasons that follow.

Defendants filed their Motion and Memorandum in Support (Doc. 36) on March 31, 2008. The Memorandum that was filed was 37 pages long, without the additional pages for certificate of service, certification of signatures and exhibits, affidavits, and other attachments. Also on March 31, 2008, the same date they filed their 37-page Memorandum, Defendants filed a Motion to Exceed the Page Limitation (Doc. 35). The Local Rules limit the length for briefs to 20 pages, unless permission to exceed is obtained. Local Rule 7.4.

On April 1, 2008, the Clerk's office notified Defendants that the Memorandum exceeded the page limit. On April 8, 2008, the Court ruled on Defendants' Motion to Exceed the Page Limitation, limiting the number of pages by which Defendants could exceed the limit to 30 pages. Despite the notice of error from the Clerks' office, and the Court's order limiting the number of pages of Defendants' brief to 30, Defendants never refiled their brief.

The Local Rules direct that a party desiring to exceed the page limitation may seek permission to do so "by filing a written motion no later than two (2) business days in advance of the deadline for filing the brief and by specifying the number of pages requested." Local Rule 7.4. Defendants, whose deadline for filing their brief was March 31, 2008, failed to comply with this rule. Docket clerks are required to accept briefs, even when they exceed the page limit. *See, e.g.*, Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.") However, judges are not bound by the same restrictions as docket clerks.

Defendants failed to comply with the Local Rules when they waited too late to seek permission to exceed the page limit; they disregarded the notice of error that advised them that their brief was too long; and they failed to take appropriate steps to correct their brief when the Court ruled on their request to exceed the page limitation. In view of these circumstances, the Court declines to accept the brief as filed and it is hereby stricken. In the absence of a proper memorandum of law, the City Defendants' Motion for Summary Judgment (Doc. 34) is hereby dismissed without prejudice. *See*

Local Rule 7.1 (requiring all motions to be accompanied by a memorandum of law). If Defendants desire to file a motion for summary judgment that complies with the rules of this Court they may do so by not later than 20 days from the date of entry of this Order.

      **SO ORDERED**, this the 30th day of March, 2009.

                                      *s/   Hugh Lawson*
                                      **HUGH LAWSON, SENIOR JUDGE**

mls